CHIEF JUDGE RICHARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERIN E. HUETSON,<br><br>    Plaintiff,<br><br>vs.<br><br>STANDARD INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 2:17-cv-00888-RSM<br><br>**JOINT STATUS REPORT** |

Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement ("the Court's Order"), dated June 21, 2018, the parties, through their respective counsel, submit the following Joint Status Report.

The parties conferred, via teleconference on July 17, 2018, through their attorneys Joseph Cunnane and Sarah Swale regarding the issues identified in the Court's Order, and advise the Court as follows:

1. **NATURE AND COMPLEXITY OF CASE**

This case involves Plaintiff's claim for long-term disability ("LTD") benefits under an insurance policy issued by Defendant to Plaintiff's former employer, the State of Washington. The parties agree that Plaintiff's claim for LTD benefits is exempt from the Employee Retirement Income Security Act ("ERISA") as defined by 29 U.S.C. § 1001, *et seq.*

Plaintiff's Statement:  The applicable Standard LTD policy, Group Policy No. 377661,

JOINT STATUS REPORT - 1                                           J. CUNNANE LAW OFFICE
                                                                  100 Second Avenue S, Ste. 210
                                                                  Edmonds, WA  98020
                                                                  T – (425) 672-7100, F – (425) 673-1884

contains the following language defining total disability:

> You are Disabled if you meet one of the following definitions:
>
> A.      Own Occupation Definition of Disability
>
> During the Benefit Waiting Period and the first 24 months for which LTD Benefits are paid (Own Occupation Period) you are required to be disabled only from your Own Occupation.
>
> You are Disabled from your own occupation if, as a result of Sickness, Injury or Pregnancy, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation.
>
> B.      Any Occupation Definition of Disability
>
> From the end of the Own Occupation Period to the end of the Maximum Benefit Period (Any Occupation Period), you are required Disabled from all occupations.
>
> You are Disabled from all occupations if, as a result of Sickness, Injury or Pregnancy, you are unable to perform with reasonable continuity the Material Duties of any gainful occupation for which you are reasonably able through education, training and experience. … Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as your regular and ordinary employment with your Employer.  Your Own Occupation is not limited to your job with your Employer.
>
> Material Duties means the essential tasks, functions and operations and the skills abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation.

JOINT STATUS REPORT - 2

J. CUNNANE LAW OFFICE
100 Second Avenue S, Ste. 210
Edmonds, WA  98020
T – (425) 672-7100, F – (425) 673-1884

Ms. Huetson was employed as an investigator for the Department of Social and Health Services for the State of Washington until she stopped working on or about October 22, 2014. During the time of her employment by the State of Washington, she became eligible to receive LTD benefits, and premiums were paid to Standard in consideration for LTD coverage. Standard contracted with the State of Washington as to the determination, claim administration and payment of LTD benefits. During her employment she became afflicted with several illnesses that individually, and most certainly, collectively have disabled her, which have been objectively and clinically diagnosed by her healthcare providers, as osteoarthritis, osteopenia, intervertebral disc disorder with myelopathy, adhesive capsulitis of shoulder, cervical spondylitis myelopathy, peripheral nerve compression, hypermobility syndrome, multiple neurofibromas, Raynaud's, scoliosis, hearing problems, paresthesia's, Ehlers-Danlos Syndrome (EDS), fibromyalgia (FM), and depression. Her rheumatologist, Richard Jimenez, MD, opined (09/20/2016 IME and 10/03/2016 Oral Medical Report) that the majority of her symptoms as of when she stopped working have been caused her EDS, FM, and Raynaud's, which have included fatigue, pain, weakness, dropping things, muscle stiffness, confusion, sleep disturbance, dizziness, nausea, frustration, anxiety, memory issues, lack of concentration, decreased hearing, thyroid nodules, difficulty swallowing, headaches, and word finding difficulty.

Ms. Huetson properly completed the application process for LTD benefits in December 2014. Standard approved Ms. Huetson's claims for LTD benefits on or about February 8, 2015, claim numbers 00VW3461 (Plan A Basic Insurance), 00VW4464 (Plan B Optional Insurance) and 00VP6546 (Plan C and/or D Optional Insurance), as her file documentation supported her meeting the Own Occupation Definition of Disability.

As required by the applicable Standard LTD policy, Group Policy No. 377661, Ms.

JOINT STATUS REPORT - 3

J. CUNNANE LAW OFFICE
100 Second Avenue S, Ste. 210
Edmonds, WA  98020
T – (425) 672-7100, F – (425) 673-1884

Huetson applied for Social Security disability benefits, and her claim was approved on or about October 20, 2015. She reimbursed Standard for its overpayment of LTD benefits and her LTD benefits were subsequently reduced by Standard for the disability benefits she received from Social Security.

Standard was provided with the Performance-Based Physical Capacity Evaluation report, dated April 6, 2016, by Theodore Becker, PhD. After two days of testing, 56 pages of data was collected that confirmed:

> **Work Tolerance:** The biomechanical, clinical/systemic physiology and work physiological profiles show that the examinee should be considered work intolerant. The physiological response shows that competitive and predictable sustained work is absent for all levels of category according to the Dictionary of Occupational Titles.
>
> **Data Analysis:** The inter-test and intra-test data comparisons confirm maximum effort.
>
> **Remedial Recommendations:** The examinee is considered to need continuing medical supervision. The biomechanical, clinical physiological and work physiological profile shows that the examinee is not a candidate for work rehabilitation intervention.

Shortly thereafter, by letter dated June 7, 2016, Standard informed Ms. Huetson that her claims for LTD benefits were to be closed after January 20, 2017 (Basic), and December 21, 2016 (Optional), respectively, when the 24-month Own Occupation period ends, because it determined that her file documentation did not support her meeting the Any Occupation Definition of Disability following record reviews by Cheryn Grant, DO (01/08/2015) and Hubert

Leonard, MD (05/19/2016).

On November 4, 2016, Ms. Huetson submitted her appeal of Standard's decision to close her LTD claims that included objective documentation of her physical inability to meet the Any Occupation Definition of Disability due to EDS.  This documentation included, but was not limited to, Dr. Becker's PCE report (04/06/16) and Oral Medical Report (08/09/16), Dr. Jimenez's IME chart notes (09/20/16) and Oral Medical report (10/03/16), and the Vocational Rehabilitation and Psychological Evaluation report (11/01/16) by Don Uslan, MA, MBA, CRC.

By letter dated January 5, 2017, Standard informed Ms. Huetson of the closure of her LTD claims with the final payment of disability benefits.  Following numerous extensions and a neuropsychological IME by Allen Bostwick, PhD, by letter dated July 5, 2017, Standard informed Ms. Huetson that it had completed its appeal review of her claim and determined that its prior decision to close her claim was correct and must be upheld.

Plaintiff will be seeking damages from Defendant for Breach of the Disability Contract, Breach of the Covenant of Good Faith and Fair Dealing in insurance contracts, and violation of the Washington Insurance Fair Conduct Act.

Defendant's Statement:  Defendants dispute and deny many of Plaintiff's allegations as further explained in Defendant's Answer and Affirmative Defenses, filed on March 12, 2018, and specifically deny that Plaintiff is entitled to any damages or any of the relief she seeks in this lawsuit.

## 2. DEADLINE FOR JOINING PARTIES

The Parties agree that no other additional parties need to be joined to this case.

## 3. MAGISTRATE JUDGE

No.

## 4. DISCOVERY PLAN

    A. <u>Initial Disclosures.</u>

Defendant has produced a bates-numbered copy of the administrative record for the parties' use in litigation. The parties exchanged initial disclosures on or before July 26, 2018.

    B. <u>Subjects, Timing, and Potential Phasing of Discovery.</u>

<u>Plaintiff's Position:</u>

Plaintiff reserves the right to seek discovery regarding the completeness of the claim file, as well as discovery into Defendant's claim handling, and its use of third-party vendors. Plaintiff further contends the subjects on which discovery may be needed are as follows: (1) Whether or not the Plaintiff has a physical disability and when the disability became medically and legally relevant; (2) Discovery related to the completeness of the claim file and whether Standard previously afforded benefits for similar claims; (3) Standard's claims administration policies and manuals; (4) The relationship and history between Standard and any physician employed by the insurer in this case; and (5) Standard's general approval and termination rates for long-term disability claims, including for long-term disability claims involving Plaintiff's medical issue. Plaintiff reserves the right to amend the scope of intended discovery following Plaintiff's counsel's review of the claim file that will be provided as part of Defendant's Initial Disclosures. Plaintiff believes that discovery can be completed within four (4) months from the proposed Trial date.

<u>Defendant's Position:</u>

Defendant reserves the right to seek discovery regarding Plaintiff's physical and mental capabilities; her medical history, conditions, and treatment; and her alleged damages. Some third-

party discovery and potentially some depositions may be needed.  Defendant reserves the right to amend the scope of discovery as discovery progresses.  Defendant also reserves the right to object to Plaintiff's proposed discovery on all available grounds.

      C.    <u>Electronically Stored Information</u>

The parties will confer and work together regarding the discovery of electronically stored information.

      D.    <u>Privilege Issues.</u>

The parties will confer and work together regarding any issues relating to privilege.  The parties agree to return any inadvertently disclosed privileged information or work product to the disclosing party.

      E.    <u>Proposed Limitations on Discovery</u>

The parties perceive no need for any changes in the limitations imposed on discovery by the Federal and Local Rules of Civil Procedure to the extent discovery is permitted.

      F.    <u>Discovery Related Orders</u>

To date, the relationship between Plaintiff's counsel and counsel for the Defendant has been cordial and information has been exchanged freely between the parties without any need for involving the Court.  It is expected that this trend will continue.  However, one or more of the parties may ask the Court to determine discovery issues should they arise.

**5.  <u>OTHER LOCAL RULE 26(f)(1) MATTERS</u>**

      A.    <u>Prompt Case Resolution</u>

The parties are in favor of prompt case resolution and intend to explore early resolution to the extent possible.

      B.    <u>Alternative Dispute Resolution.</u>

Private mediation is an option.  The parties will consider mediation pursuant to Local Rule CR 39.1.

### C. Related Cases.

There are no related cases.

### D. Discovery Management.

To date, the relationship between Plaintiff's counsel and counsel for the Defendant has been cordial and information has been exchanged freely between the parties without any need for involving the Court.  It is expected that this trend will continue.

### E. Anticipated Discovery Sought.

As stated above, Plaintiff and Defendant each contend that discovery regarding certain topics is appropriate.  One or more of the parties may seek an order from the Court regarding discovery.

### F. Phasing Motions.

There will not be any phasing motions.

### G. Preservation of Discoverable Information

As this case involves an administrative review on the record, both sides are in possession of discoverable information, and will preserve all known discoverable information.

### H. Privilege.

The parties do not anticipate any privilege issues.

### I.- J. Model Protocol for Discovery of ESI.

The parties reserve the right to consider the propriety of using the Model Protocol for Discovery of ESI if electronic discovery should be necessary.

JOINT STATUS REPORT - 8

J. CUNNANE LAW OFFICE
100 Second Avenue S, Ste. 210
Edmonds, WA  98020
T – (425) 672-7100, F – (425) 673-1884

**6. DEADLINE FOR DISCOVERY**

The parties believe that discovery can be completed within four (4) months of the trial date.

**7. BIFURCATION**

Trial of this matter need not be bifurcated in any manner.

**8. PRETRIAL STATEMENT AND PRETRIAL ORDER**

The parties do not agree to dispense with the pretrial statements and orders required by Local Rules CR 16(e), (h), (i), and (1), and 16.1 at this time.

**9. SHORTENING OR SIMPLIFYING OF CASE**

The parties have no suggestions for shortening or simplifying this case.

**10. TRIAL READINESS**

The parties anticipate this matter will be ready for trial on or after May 13, 2019.

**11. NATURE OF TRIAL**

This case will be a non-jury trial.

**12. TRIAL DAYS REQUIRED**

The parties anticipate that the trial will take five (5) days

**13. TRIAL COUNSEL FOR THE PARTIES**

For Plaintiff:           CUNNANE LAW
                         Joseph M. Cunnane, WSBA No. 25360
                         100 2nd Ave S.  #210
                         Edmonds, WA  98020
                         (425) 672-7100
                         joe@cunnanelaw.com

For Defendant:	JENSEN MORSE BAKER PLLC
	Sarah E. Swale, WSBA No. 29626
	Steven D. Jensen, WSBA No. 28473
	216th First Avenue South, Suite 204
	Seattle, WA  98104
	Telephone: (206) 682-1550
	Facsimile: (206) 682-1496
	sarah.swale@jmblawyers.com
	steve.jensen@jmblawyers.com

## 14. UNAVAILABLE TRIAL DATES

Plaintiff's counsel currently has trials scheduled as follows: September 24-28, 2018, October 29-November 2, 2018, and April 19-27, 2019.

Defendant's counsel currently has trials scheduled as follows from November 2018 through June 2019: February 4, 2019, February 11 – March 1, 2019, March 5, 2019, March 13, 2018, March 18-22, 2019, April 8-12, 2019, April 22-26, 2019.  Counsel is also unavailable the weeks of November 5-16, 2018, November 26-November 30, 2018, December 17, 2018 – January 4, 2 019, and April 1-5, 2019.

## 15. SERVICE

Defendant has been served.

## 16. SCHEDULING CONFERENCE

The parties do not anticipate the need for a scheduling conference prior to a scheduling order being entered.

## 17. CORPORATE DISCLOSURE STATEMENTS

Defendant filed its Corporate Disclosure Statement on June 18, 2018.

RESPECTFULLY SUBMITTED this 31st day of July, 2018.

| J. CUNNANE LAW OFFICE | JENSEN MORSE BAKER PLLC |
|---|---|
| *s/Joseph M. Cunnane*_____ | *s/Sarah E. Swale*_____ |
| Joseph M. Cunnane, WSBA # 25360 | Sarah E. Swale, WSBA No. 29626 |
| 100 2nd Ave S.  #210 | Steven D. Jensen, WSBA No. 28473 |
| Edmonds, WA  98020 | 216 First Avenue South, Suite 204 |
| Telephone: (425) 672-7100 | Seattle, WA  98104 |
| Facsimile: (4250 673-1884 | Telephone: (206) 682-1550 |
| joe@cunnanelaw.com | Facsimile: (206) 682-1496 |
| Attorney for Plaintiff | sarah.swale@jmblawyers.com |
| | steve.jensen@jmblawyers.com |
| | Attorneys for Defendant |

### **CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies, under penalty of perjury under the laws of the State of Washington and the United States of America, that on the 31st day of July,2018, the foregoing document was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.  In accordance with the ECF registration agreement and the Court's rules, the Clerk of the Court will send email notification of such filing to the following:

Sarah E. Swale, WSBA No. 29626
JENSEN MORSE BAKER PLLC
216th First Avenue South, Suite 204
Seattle, WA  98104
Telephone: (206) 682-1626
Facsimile: (206) 682-1496
sarah.swale@jmblawyers.com

Attorney for Defendant

DATED this 31st day of July, 2018, at Edmonds, Washington.

*s/John M. Boone*_____
John M. Boone, Paralegal
Cunnane Law Office
john.boone@cunnanelaw.com

JOINT STATUS REPORT - 11                                    J. CUNNANE LAW OFFICE
                                                            100 Second Avenue S, Ste. 210
                                                            Edmonds, WA  98020
                                                            T – (425) 672-7100, F – (425) 673-1884